UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT D. SANGO,

       Plaintiff,

                                        CASE NO. 1:14-CV-344

v.

                                        HON. ROBERT J. JONKER

UNKNOWN MINIARD, *et al.*,

       Defendants.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

      The Court has reviewed Magistrate Judge Kent's Report and Recommendation in this matter

(docket # 53) and Plaintiff's Objections to the Report and Recommendation (docket # 54).  Under

the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and

Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's

recommendation unless, on de novo reconsideration, he or she finds it justified."  12 WRIGHT,

MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997).

Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo
> determination upon the record, or after additional evidence, of any
> portion of the magistrate judge's disposition to which specific written
> objection has been made in accordance with this rule.  The district
> judge may accept, reject, or modify the recommended decision,
> receive further evidence, or recommit the matter to the magistrate
> judge with instructions.

FED R. CIV. P. 72(b).  De novo review in these circumstances requires at least a review of the

evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections.  After its review, the Court finds that Magistrate Judge Kent's Report and Recommendation, which recommends granting summary judgment to Defendant Riggs based on Plaintiff's failure to exhaust, is factually sound and legally correct.

The Magistrate Judge carefully and thoroughly considered the evidentiary record, the parties' arguments, and the governing law.  Nothing in Plaintiff's Objections changes the fundamental analysis.  The MDOC Grievance Report reflects that Plaintiff filed two Step III grievances while incarcerated at ECF, and that neither grievance had to do with the retaliation claim against Defendant Riggs on which this case is based.  Plaintiff says that he attempted to file four additional Step III grievances and that one or more of those grievances involved the retaliation claim against Defendant Riggs asserted in this case.  Plaintiff speculates that the MDOC concealed the existence of the grievances, but there is no basis in the record for such a conclusion.  Even Plaintiff concedes that he did not mail the grievances to the Director's Office as required by the Policy Directive, addressing the grievances instead to "CFA Classification Dir. Laura S. Heinritz." The record reflects that Plaintiff failed to exhaust his claim of retaliation against Defendant Riggs, for precisely the reasons the Report and Recommendation details.

The Report and Recommendation does not address Plaintiff's Motion for Summary Judgment (docket # 46).  However, the determination that Plaintiff failed to exhaust administrative remedies moots the motion, because the PLRA precludes a prisoner from bringing an action regarding prison conditions under 42 U.S.C. § 1983 without first exhausting administrative remedies.  *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 53) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** Defendant Riggs's Motion for Summary Judgment (docket # 33) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's first and second Motions for Sanctions (docket ## 40, 44) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (docket # 46) is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that for the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

This case is **CLOSED**.


Dated:      March 16, 2016              /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        CHIEF UNITED STATES DISTRICT JUDGE