UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT D. SANGO,

        Plaintiff,

Case No. 1:14-cv-344

Hon. Robert J. Jonker

vs.

UNKNOWN MINIARD, *et al.*,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, prisoner in the custody of the Michigan Department of Corrections (MDOC) filed a § 1983 civil rights action against defendants Miniard, Grambau, Riggs, Smith, Bassett and Curtin. Judgment was entered against plaintiff on March 16, 2016 (docket no. 56). Plaintiff filed a notice of appeal on March 28, 2016 (docket no. 58). This matter is now before the Court on plaintiff's motion for an "Injunction Pending Appeal" pursuant to Fed. R. App. P. 8(a)(1) and Fed. R. Civ. P. 65(b)(1) "that the MDOC be ordered to not allow Corrections Officer Riggs, Bastian and Soholden to work in Plaintiff's unit" (docket no. 61).

        **I.**        **Discussion**

"As a general rule the filing of a notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals." *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981). An exception to this rule is set forth in Fed. R. App. P. 8(a)(1)(C), which provides that a party may move for "an order . . . granting an injunction while an appeal is pending." However, plaintiff is not entitled to this extraordinary relief.

Here, plaintiff seeks a temporary restraining order (TRO) under Fed. R. Civ. P. 65(b)(1), which provides as follows:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

"An ex parte temporary restraining order is an extraordinary remedy which will not be granted unless the movant clearly shows that such relief is warranted." *Fort Wayne Women's Health Organization v. Brane*, 734 F.Supp. 849, 850 (N.D. Ind. 1990). Where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432, 438, n. 3 (6th Cir. l984). Courts must accord prison administrators "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995). Correctional officials are professional experts in matters of security and discipline; as such they are better suited to make decisions about security and discipline than are the courts. *Bell v. Wolfish,* 441 U.S. 520, 547 (1979). Moreover, "the operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial." *Id.* at 548. For these reasons, a plaintiff attacking administrative decisions about issues of security and discipline must meet a heavy burden.

In reviewing requests for a TRO or preliminary injunction, the court considers the following factors:

> (1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a stay, (3) whether granting the stay would cause substantial harm to others, and (4) whether the public interest would be served by granting the stay.

*Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008).   The court considers these four factors in evaluating a claim for injunctive relief pending appeal.  *See generally, Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir.1991) ("[i]n determining whether a stay should be granted under Fed.R.Civ.P. 8(a), we consider the same four factors that are traditionally considered in evaluating the granting of a preliminary injunction").

Plaintiff has filed a declaration stating as follows.  At an unidentified date when plaintiff "submitted for my 6 month certified account statement [sic] trust account statement for this appeal, [Corrections Officer] Bastain, came to me on behalf of Defendant Riggs." Declaration (docket no. 62).  Corrections Officer (CO) Bastain handed plaintiff an affidavit telling him to sign it, stating that plaintiff "had been dishonest about this [sic] and another action on appeal."  *Id.* Bastain then slammed plaintiff's hand into a food slot and fractured the ring finger on his left hand. *Id.*  Plaintiff also stated that on May 8, 2016, CO Soholden slapped him in the face, punched him in the stomach and told him that "he would force a bottle of disinfectant down my throat and say I was trying to get drunk in the porter closet . . . for me to sign the affidavit and sign off this action." *Id.*

Here, plaintiff has not met his initial burden of demonstrating a strong or substantial likelihood of success on his appeal.  The Court granted Riggs' motion for summary judgment for

3

lack of exhaustion and discerned no good-faith basis for an appeal. *See* Order Approving and adopting report and recommendation (docket no. 55). Furthermore, plaintiff has not demonstrated the likelihood that he will be irreparably harmed absent the requested injunctive relief. Plaintiff's claim against Riggs is based upon the statement that when plaintiff submitted documentation for this appeal "C/O Bastain, came to me on behalf of Defendant Riggs." Plaintiff's Decl. The Court record reflects that Riggs is employed at the Oaks Correctional Facility in Michigan's Lower Peninsula (*see* Riggs Aff. (docket no. 49-2)), while plaintiff is currently incarcerated at the Baraga Correctional Facility in Michigan's Upper Peninsula. Plaintiff's vague statement attempting to link Riggs with events which allegedly occurred at another correctional facility (located hundreds of miles away) are not sufficient to support the issuance of a TRO.

With respect to Soholden and Bastain, neither are parties to this litigation. Court records reflect that plaintiff has filed numerous lawsuits in the Western District since 2012. More than three of these lawsuits have been dismissed as frivolous or failing to state a claim. *See Sango v. Dessellier*, No. 2:16-cv-123, 2016 WL 3207825 at *2 (W.D. Mich. June 10, 2016) (listing cases). As of June 10, 2016, the Court identified 15 cases in which plaintiff was denied leave to proceed *in forma pauperis* in this Court because he has three strike. *Id.*[1] Plaintiff's current claim for injunctive relief appears to a continuation of claims asserted against Soholden and Bastain in other litigation.

---

[1] *Sango v. Russell*, No. 2:16-cv-45 (W.D. Mich. March 4, 2016); *Sango v. Place et al.*, No. 2:16-cv-23 (W.D. Mich. March 4, 2016); *Sango v. Bastain*, No. 2:16-cv-15 (W.D. Mich. March 2, 2016); *Sango v. Bastian et al.*, No. 2:15-cv-14 (W.D. Mich. March 2, 2016); *Sango v. Desselier*, No. 2:16-cv-13 (W.D. Mich. March 2, 2016); *Sango v. Snyder*, No. 2:16-cv-12 (W.D. Mich. March 2, 2016); *Sango v. Aramark et al.*, No. 1:15-cv-247 (W.D. Mich. April 13, 2015); *Sango v. Joiner et al.*, No. 1:15-cv-232 (W.D. Mich. March 23, 2015); *Sango v. Watkins*, No. 1:15-cv-221 (W.D. Mich. March 12, 2015); *Sango v. Nevins et al.*, No. 1:15-cv-179 (March 5, 2015); *Sango v. Eryer et al.*, No. 1:15-cv-71 (W.D. Mich. Feb. 12, 2015); *Sango v. Nevins et al.*, No. 1:15-cv-179 (W.D. Mich. March 3, 2015); *Sango v. Mich. State Office of Administrative Hearings & Rules et al.*, No. 1:14-cv-1272 (W.D. Mich. Jan. 13, 2015); *Sango v. Curtis et al.*, No. 1:14-cv-823 (W.D. Mich. Aug. 14, 2014); *Sango v. Wakley et al.*, 1:14-cv-703 (W.D. Mich. July 8, 2014).

In this regard, plaintiff sought a TRO against Soholden which the Court denied in *Sango v. Sohlden*, No. 2:16-cv-18, 2016 WL 4213721 at *1 (W.D. Mich. Aug. 10, 2016). In that case, plaintiff asserted a similar claim against Soholden:

> Plaintiff claims that Defendant Sohlden [sic] tried to force Plaintiff to sign a document conceding that Plaintiff was being dishonest in his court filings. Defendant Bruce Dessellier acted as a lookout, while Defendant Sohlden threatened to make Plaintiff drink a bottle of industrial disinfectant so that he could state that Plaintiff was in the porter closet trying to get drunk on disinfectant.

*Sango v. Sohlden*, 2:16-cv-18, 2016 4250110 at *1 (Report and Recommendation) (W.D. Mich. July 21, 2016), *adopted*, 2016 WL 4213721. In addition, plaintiff is currently suing Bastian in at least three other lawsuits, including *Sango v. Bastian*, 2:15-cv-100, *Sango v. VanWagner*, 2:15-cv-104, and *Sango v. Bastian*, 2:15-cv-105. Plaintiff has not demonstrated that he will suffer irreparable harm if the Court denies his request for a TRO without notice against two prison guards who are not parties to this litigation.

Finally, as this Court previously determined in denying plaintiff's request for a TRO against non-party Soholden case no. 2:16-cv-18:

> A plaintiff seeking a TRO must also show that the public interest would be served by granting injunctive relief. In this case, Plaintiff has asked the Court to prevent certain prison staff from working in his housing unit. Federal courts' intrusion into the administration of state prison operations is disruptive and thus not generally in the public interest.

*Sango v. Sohlden*, No. 2:16-cv-18, 2016 WL 4213721 at *1 (W.D. Mich. Aug. 10, 2016) (citation omitted). For these reasons, plaintiff's motion for injunctive relief pending appeal should be denied.

## II.     Recommendation

For the reasons set forth above, I respectfully recommend that plaintiff's motion for injunctive relief pending appeal (docket no. 61) be **DENIED**.


Dated:  December 19, 2016              /s/ Ray Kent
                                       RAY KENT
                                       United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).